Isaac J. Eddington (ISB #12671)
4609 West 65th South
Idaho Falls, ID 83402
Telephone: (208) 534-7865
ieddington@rbm.us

*Attorney for Plaintiff Matthew Vandersloot*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE STATE OF IDAHO**

| | |
|---|---|
| MATTHEW VANDERSLOOT,<br><br>Plaintiff,<br><br>v.<br><br>ATYG, LLC,<br><br>Defendant. | Civil Case No. 4:26-cv-00275-DCN<br><br>Judge David C. Nye<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Vandersloot ("Plaintiff"), by and through counsel of record and pursuant to Federal Civil Rule 15(a)(1)(B), hereby brings this Amended Complaint against ATYG, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly and/or willfully contacting Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and related regulations (specifically the National Do-Not-Call provisions), thereby invading Plaintiff's privacy.

## PARTIES

2. Matthew Vandersloot is a natural person residing in Bonneville County, Idaho, and is a "person" as defined by 47 U.S.C. § 153 (39).

3. ATYG, LLC is a New York limited liability company with its registered address in Albany, New York

## VENUE AND JURISDICTION

4. The Court has specific personal jurisdiction over this matter pursuant to 47 USC § 227(b)(3) and Idaho Code § 5-514, given that all of the offending calls and texts were made to Plaintiff, an Idaho resident.

5. This Court has federal question-subject matter jurisdiction, in that the case is brought pursuant to federal law, namely the Telephone Consumer Protection Act ("TCPA", at 47 U.S.C. §227).

6. Venue is proper in the United States District Court for the District Idaho, pursuant to 28 U.S.C. §1391(b)(2), given that all of the offending calls and texts were made to Plaintiff, a resident of Bonneville County, Idaho.

## STATEMENT OF FACTS

7. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA prohibits making multiple telemarketing calls to a residential subscriber who has previously registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

12. The TCPA also regulates, among other things, the use of automated dialing systems. 47 U.S.C. §227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (a) to store or produce telephone numbers to be called using a random or sequential number generator; and (b) to dial such numbers.

13. Specifically, 47 U.S.C. §227(a)(1)(A) and (B) prohibits any call using an ATDS ***or*** an artificial or prerecorded voice to a cellular phone without prior consent by the person being called unless said call is for emergency purposes.

14. Texts, as well as calls, are governed by the TCPA.

15. The Plaintiff did not consent to receiving telemarketing calls or text messages from the Defendant prior to the TCPA violations at issue here.

16. Plaintiff is a residential subscriber under the TCPA, as regards the telephone numbers in question.

17. Plaintiff uses these numbers for personal, residential, and household reasons.

18. Plaintiff's relevant telephone numbers have been listed on the National Do Not Call Registry since he listed them there more than 31 days prior to the calls at issue. *See* Exhibit B.

19. Plaintiff has never been a customer of the Defendant.

20. Defendant has repeatedly contacted Plaintiff on the referenced telephone numbers. Some of these calls appear to have been made under other business names that are, on information and belief, substituted or alternative names for the Defendant and/or names of entities affiliated or connected with the Defendant. These names include (without limitation) Steady Capital Solutions, First Choice Capital, and Tier Funding.

21. A partial, nonexclusive list of the Defendant's calls to Plaintiff's telephone numbers (including those from the entities listed in Paragraph 20), compiled to the best of Plaintiff's knowledge at this time by the Telespam Project, LLC, is attached as Exhibit A, and comprises one hundred and thirty-seven calls and texts.

22. Plaintiff never provided his consent for, or requested, those calls from the Defendant which violated the TCPA; in fact, Plaintiff asked the Defendant on more than fifty occasions to put him on its own, internal Do-Not-Call list, but the calls and texts continued nonetheless.

23. Plaintiff specifically asked Defendant not to contact him on at least fifty-nine specific instances over a five-year period. Plaintiff's first such request was on April 27th, 2021, and yet the contacts continued after this request, and after fifty-seven

subsequent requests. Only after Plaintiff's fifty-ninth do-not-contact request (on May 28th, 2025) did Defendant finally stop making calls, and sending texts, to the Plaintiff.

24. In addition, some of the Defendant's texts to Plaintiff were made using an ATDS, and/or an artificial or prerecorded voice.

25. Defendant did not have prior express consent from Plaintiff to place any of the calls or texts listed in Exhibit A of this Complaint; in fact (as explained above), he had placed him name on the National Do-Not Call Registry before any of those calls or texts occurred, and he asked (fifty-eight times) for those calls and texts to stop.

26. Defendant's calls to Plaintiff's cell phones were not for "emergency purposes."

**COUNT I – NEGLIGENT AND KNOWING/WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

27. Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

28. It is a violation of the TCPA to initiate any telephone solicitation, including texts, to a residential subscriber who has registered his or her telephone number on the National Do Not Call Registry.

29. It is likewise a violation of TCPA to place calls or texts to a cellular phone using an ATDS or artificial or prerecorded voice in the circumstances described above.

30. Therefore, the calls described in this Complaint constitute numerous and multiple negligent violations of the TCPA.

31. As a result of the Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant

to 47 U.S.C. §227(c)(5), and §227(b)(3)(B), along with appropriate injunctive and equitable relief.

32. Defendant not only made these numerous, infringing calls and texts, but made them despite Plaintiff's prior listing on the National Do-Not Call Registry, and despite fifty-eight requests by the Plaintiff to not be contacted.

33. Defendant's knowledge of, and participation in, the infringing contacts is supported by information attached as Exhibit C. The calls frequently led to emails from the domain name "steadycapitalsolutions.com," and Steady Capital Solutions is an alternative name for Defendant ATYG, as per Paragraph 20, and as explained by some of the callers themselves. Moreover, the callers or agents associated with "Steady Capital Solutions" called repeatedly, identified themselves as associated with prior calls which had been linked to "Steady Capital Solutions," and often used the same telephone numbers as those prior calls. Given that the calls at issue originated with agents of Steady Capital Solutions, that this name is an alternative name for Defendant ATYG, and given the other information in Exhibit C, Defendant ATYG is responsible for the calls at issue.

34. To deliberately continue making calls and texts to the Plaintiff in violation of the TCPA, after so many warnings to cease doing so, constitutes conscious disregard of both the Plaintiff's requests, and of the law itself.

35. Such conscious disregard rises to the level of willfulness as defined by the TCPA, and the Plaintiff is entitled to an award of treble the Plaintiff's damages or up to $1,500.00 per violation, whichever is greater, pursuant to 47 U.S.C. §227(c)5, and (b)(3)(B) and (b)(3)(C), along with appropriate injunctive or equitable relief.

36. Plaintiff is therefore entitled to $1,500 (as treble damages for willfulness) for each of the one-hundred and thirty-seven TCPA-violating calls and texts listed in Exhibit A, for a total of $205,500.

37. Plaintiff is also entitled to recover all applicable costs and attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statute or rule.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT'S PROHIBITION ON THE USE OF AUTOMATED DIALING SYSTEMS.

38. Plaintiff refers to and incorporates all previous allegations as if specifically restated herein.

39. The TCPA prohibits (except in cases of emergency or prior consent) making calls or sending texts using an automated dialing system, such a system being defined as equipment having the capacity (a) to store or produce telephone numbers to be called using a random or sequential number generator; and (b) to dial such numbers.

40. Among the TCPA-violating contacts which Plaintiff received (and which are listed in Exhibit A), were several text messages that Plaintiff alleges were sent on a random or sequential basis, given the repetitive nature of these text messages, and the extreme similarity (or near-uniformity) of the content of these messages with each other.

41. The twenty-four text messages which Plaintiff asserts were sent by an automated dialing system are specifically listed at Exhibit D to this Complaint, along with the body of each text message.

42. As can be seen from Exhibit D, the text messages listed are generic, highly repetitive (and often repeated), and bear every sign of having been sent (in the TCPA's language) "on a random or sequential basis."

43. Moreover, the telecommunications carriers for the texts listed on Exhibit D were (for the most part), either Twilio or Telnyx, both of whom are known preferred carriers for automated texts and calls. Telnyx openly advertises its autodialing services (*see* https://telnyx.com/resources/what-is-an-autodialer). Twilio, likewise, openly advertises its ability to support "programmatic" texts. *See* https://www.twilio.com/docs/messaging. (Screenshots of these web pages—taken on June 30, 2026—are attached as Exhibits E and F).

44. The twenty-four text messages listed in Exhibit D were therefore sent by means of an automated dialing system.

45. Moreover, each of these twenty-four text messages were sent *after* Plaintiff's placement on the National Do-Not-Call Registry, and *after* Plaintiff had first asked ATYG to cease calling him (as per Paragraph 23, above).

46. Therefore, the twenty-four text messages listed in Exhibit D were sent "willfully" as the TCPA defines that term, for the reasons set forth in Paragraphs 32 through 35, above.

47. Plaintiff is therefore entitled to an additional $1500 (or treble the standard $500 TCPA penalty given willfulness), for each of the twenty-four text messages listed in Exhibit D, for a total of $36,000.

48. Plaintiff is also entitled to recover all applicable costs and attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statute or rule.

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Entry of judgment for Plaintiff and against the Defendant of actual and statutory damages pursuant to the TCPA in an amount to be determined at trial, but not less than $241,500.

B. Awarding Plaintiff his attorney fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statute or rule.

C. Awarding Plaintiff any other relief deemed just and equitable under the circumstances.

D. A temporary restraining order, preliminary injunction, and permanent injunction enjoining telephone calls or texts from Defendant to Plaintiff.

E. An order making any damages or other relief (including equitable relief) awarded to Plaintiff recoverable from, and enforceable against the Defendant and/or any other entity owned or controlled by Defendant (or Defendant's owners) to the extent appropriate.

DATED this 1st day of July, 2026.

MATTHEW VANDERSLOOT

By: *\/s/ Isaac J. Eddington*
Isaac J. Eddington

*Attorney for Plaintiff*