Scott McKay (ISB#4309)
Nathan Pittman (ISB#9430)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
smckay@nbmlaw.com
npittman@nbmlaw.com

Alexandra Krasovec (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4160
Facsimile: (310) 312-4224
akrasovec@manatt.com

Attorneys for the Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW VANDERSLOOT, an Idaho Resident,<br><br>Plaintiff,<br><br>vs.<br><br>ATYG, LLC, a New York limited liability Company,<br><br>Defendant. | CASE NO. 4:26-cv-275-DCN<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant ATYG, LLC (hereafter, “Defendant” or “ATYG”), hereby respectfully moves this Court for an order dismissing the First Amended Complaint (“FAC,” Dkt. 15) filed by Plaintiff Matthew Vandersloot (“Plaintiff”) in the above-caption matter, in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of its Motion, Defendant respectfully states as follows:

1. Plaintiff’s FAC alleges that ATYG violated certain provisions of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*, the “TCPA”).

2. As described in ATYG’s accompanying Memorandum of Law, filed contemporaneously herewith, Plaintiff’s FAC is facially defective and should be entirely dismissed and with prejudice under Rule 12(b)(6) for failure to state a claim or to plead plausible facts supporting one, in compliance with federal pleading standards, for multiple reasons.

3. First, Plaintiff fails to plausibly allege facts establishing that ATYG is directly or vicariously liable for any of the challenged communications. Second, Plaintiff fails to adequately plead the elements of his TCPA claims, including that he received a call that was initiated using an ATDS and/or artificial or prerecorded voice message, as required for his Section 227(b) claims, or that the calls or texts constitute telephone solicitations calls, as required under Section 227(c). Moreover, to the extent Plaintiff’s Section 227(c) claims are based upon his alleged receipt of text messages, they must be dismissed because text messages are not calls under the TCPA.

4. Lastly, Defendant submits this Motion to satisfy its immediate obligations to file a responsive pleading, but does so without waiver its arbitral rights or the right to move to compel arbitration. Should Defendant determine Plaintiff’s claims are subject to arbitration, it will promptly confer with Plaintiff’s counsel and, if necessary, file a motion to compel arbitration.

5. In accordance with this Court’s motion practice standards regarding motions to

dismiss (See https://www.id.uscourts.gov/district/judges/nye/Motion_Practice.cfm), counsel for the Defendant has advised Plaintiff's counsel by email of perceived shortcoming in the allegations of the FAC and Plaintiff advised that he intends to oppose the Motion.

WHEREFORE, for all the reasons stated above and in the accompanying Memorandum of Law in support, Defendant respectfully requests that the Court enter an order dismissing all Plaintiff's claims against Defendant in this case, and thus dismiss the entire FAC, with prejudice under Fed. R. Civ. P. 12(b)(6), along with granting all other relief the Court deems just and proper.

DATED this 15th day of July, 2026.

MANATT, PHELPS & PHILLIPS LLP

/s/ Alexandra Krasovec
Alexandra Krasovec (pro hac vice)

Attorneys for Defendant ATYG, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Isaac J. Eddington
4609 West 65th South
Idaho Falls, ID 83402
Telephone: (208) 534-7865
ieddington@rbm.us

/s/ Alexandra N. Krasovec
Alexandra N. Krasvoec