**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE STATE OF IDAHO**

| | |
|---|---|
| MATTHEW VANDERSLOOT,<br><br>Plaintiff,<br><br>v.<br><br>ATYG, LLC,<br><br>Defendant. | Civil Case No. 4:26-cv-00275-DCN<br><br>Judge David C. Nye<br><br>**DECLARATION OF ISAAC EDDINGTON IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (ECF #17).** |

I, Isaac Eddington, hereby make the following Declaration pursuant to 28 United States Code §1746:

1. I am counsel of record for Plaintiff Matthew Vandersloot in the captioned case.

2. The documents attached collectively to this Declaration as Exhibit A are true and accurate copies of email communications between myself and counsel for Defendant ATYG, LLC in this action.

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Aug. 19, 2026
Date

Isaac Eddington

# EXHIBIT A

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

# Vandersloot v. ATYG

**Isaac Eddington** <ieddington@rbm.us> Tue, May 26, 2026 at 2:14 PM
To: "Krasovec, Alexandra" <AKrasovec@manatt.com>

Ms. Krasovec,

Circling back on our discussions last week, we (the Plaintiff's side) are willing to amend our complaint to drop the Idaho consumer law claim. If there are other grounds on which your client plans to move to dismiss, please let me know.

Sincerely,

--
*Isaac Eddington*
*Counsel*
*RIverbend Management*
(216) 536-7483

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

# Vandersloot v. ATYG

**Krasovec, Alexandra** <AKrasovec@manatt.com> Tue, May 26, 2026 at 11:03 PM
To: Isaac Eddington <ieddington@rbm.us>
Cc: "Newcomb, Madelaine" <mnewcomb@manatt.com>

Hi Isaac:

Thank you for letting us know. Yes, there are other grounds upon which we plan to move and those are worth discussing. My colleague @Newcomb, Madelaine will send you an outline of the arguments for your consideration.

Best regards,

Alex

**Alexandra Krasovec**

Partner

**Manatt, Phelps & Phillips,** LLP

2049 Century Park East
Suite 1700

Los Angeles, CA 90067

**D** (310) 312-4160 **F** (310) 312-4224

AKrasovec@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

# Vandersloot v. ATYG

**Newcomb, Madelaine** <mnewcomb@manatt.com> Thu, May 28, 2026 at 7:16 PM
To: Isaac Eddington <ieddington@rbm.us>
Cc: "Krasovec, Alexandra" <AKrasovec@manatt.com>

Hi Issac:

Below is an outline of the grounds on which we intend to move to dismiss the complaint under Fed. R. Civ. P. 8 and 12(b)(6):

- Plaintiff fails to plausibly allege facts from which to infer that ATYG physically placed the calls/texts at issue or has an agency relationship with any third party who may have contacted him. Thus, Plaintiff has failed to plausibly allege direct or vicarious TCPA liability, which is a prerequisite to bringing any TCPA claim.
- Plaintiff fails to plausibly allege that any of the calls involved the use of an ATDS or artificial or prerecorded voice message. There are no facts from which to infer that Plaintiff's phone number was itself randomly or sequentially generated, which is the legal standard in the 9th Circuit. *See Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022). Nor are there any allegations to suggest any of the calls involved an artificial or prerecorded voice. Thus, Plaintiff does not state a Section 227(b) claim.
- Plaintiff's Section 227(c) claims also fail to the extent they concern or arise from text messages, which are not covered under Section 227(c) of the TCPA. *See James v. Smarter Contact, Inc. et al*, 2026 WL 879244, at *2 (M.D. Fla. Mar. 31, 2026); *Radvansky v. 1-800-FLOWERS.COM, Inc.*, 2026 WL 456919, at *4 (N.D. Ga. Feb. 17, 2026); *Stockdale v. Skymount Prop. Grp., LLC*, 2026 WL 591842, at *3 (N.D. Ohio Mar. 3, 2026); *Richards, v. Fashion Nova, LLC*, 2026 WL 847568, at *3 (S.D. Ind. Mar. 26, 2026); *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025); *Aliana El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025).
- Plaintiff does not plead any facts regarding the content of the alleged calls and texts from which to infer that they constitute "telemarketing" or "telephone solicitation" calls as defined under the TCPA.
- The Complaint is an impermissible shotgun pleading under Rule 8 to the extent that Plaintiff does not separately plead his Section 227(b) and 227(c) claims as separate causes of action.

This outline presumes you intend to dismiss the Idaho state claim, which would also be otherwise subject to dismissal for the reasons previously discussed.

We are happy to discuss further on a call if needed.

Thank you,

**Madelaine A Newcomb**

Associate

Isaac Eddington <ieddington@rbm.us>

# Vandersloot v. ATYG

**Isaac Eddington** <ieddington@rbm.us> Mon, Jun 1, 2026 at 12:11 PM
To: "Newcomb, Madelaine" <mnewcomb@manatt.com>
Cc: "Krasovec, Alexandra" <AKrasovec@manatt.com>

Madelaine,

Thank you for the email. As you know, it was last Thursday that you sent an email to me outlining the various grounds on which your client intends to move to dismiss. Given the number and range of those grounds, it appears to us at this point that a pre-motion amendment on our part would not be a good use of anyone's time, and your client should proceed with its responsive pleading or motion.

Sincerely,

Isaac Eddington
[Quoted text hidden]

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

# Vandersloot v. ATYG

**Krasovec, Alexandra** <AKrasovec@manatt.com> Mon, Jun 1, 2026 at 2:44 PM
To: Isaac Eddington <ieddington@rbm.us>, "Newcomb, Madelaine" <mnewcomb@manatt.com>
Cc: Scott McKay <smckay@nbmlaw.com>, Nathan Pittman <npittman@nbmlaw.com>

Isaac:

You have already agreed to amend the Complaint to dismiss at least the Idaho claim, as represented in your May 26 email below. Nothing in the outline Maddie provided on May 27 changes the fact that your client's Idaho state law claim fails as a matter of law. Accordingly, we expect you will file the agreed amendment by tomorrow addressing at least that issue. If your email is intended to convey that you are reversing course on your prior agreement only one day before ATYG's response deadline, and after ATYG has relied on your representations regarding the forthcoming amendment, such gamesmanship flies in the face of a good faith meet and confer process. Please clarify your intentions here.

As for your suggestion that there is inadequate time to consider the other grounds in Maddie's email, that is simply incorrect. You and I discussed each of these grounds in detail during our April 30 telephonic conference. So, Plaintiff has been on notice of the core deficiencies in the Complaint —including the failure to allege facts supporting TCPA liability, the absence of any plausible ATDS or prerecorded voice allegations, and the pleading deficiencies under Rules 8 and 12(b)(6)—for at least one month. The written outline was provided in response to your May 26 correspondence and was intended to further the meet and confer process by reintroducing the topics you and I previously discussed but which were not addressed by your proposed amendment. Plaintiff has had a fair opportunity to consider the issues.

If Plaintiff is electing not to cure *any* of the inadequacies in the Complaint (including the one previously conceded), ATYG reserves the right to bring that to the court's attention and will strongly oppose any future attempts by Plaintiff to amend. On the other hand, if the issue is that you require more time to consider whether additional amendments beyond the one Plaintiff agreed to may be warranted here, we would be amenable to a further stipulation where the parties inform the court of Plaintiff's intent to amend the pleadings and identify a date by which Plaintiff will file such amendment. Please advise.

Regards,

[Quoted text hidden]

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

# Vandersloot v. ATYG

**Isaac Eddington** <ieddington@rbm.us> Mon, Jun 1, 2026 at 4:56 PM
To: "Krasovec, Alexandra" <AKrasovec@manatt.com>
Cc: "Newcomb, Madelaine" <mnewcomb@manatt.com>, Scott McKay <smckay@nbmlaw.com>, Nathan Pittman <npittman@nbmlaw.com>

Alexandra,

I am responding to your earlier email today. To put the bottom line up front: we (the Plaintiff's side) remain persuaded that it's best for all concerned if the Defendant moves directly to its responsive pleading or motion, and we will not oppose a further (and presumably final) seven-day extension (or until June 10) for that to happen.

To address your other accusations: I do not believe that anything that my client or I have done in this case can possibly be characterized as gamesmanship; rather, we have behaved courteously and granted your client extension after extension. When you first contacted me about a case which your client (to put it charitably) had not exactly been attending to, we agreed to your appearance in state court, we agreed to the effective service date which you proposed, and we agreed to your having thirty days to respond (Idaho law would normally provide only twenty-one). We have since agreed to two subsequent extensions of your response deadline, giving ATYG a present total of fifty-one days to respond to our complaint.

As to amendment of our complaint; the subject did come up in the course of a phone call on other issues as well, and I recall that you quickly mentioned some of your client's potential positions, but you cannot seriously contend that this phone call constituted formal notice of ATYG's grounds for moving to dismiss, much less that it satisfied the relevant meet-and-confer requirement.

On May 26 I emailed you, indicating that we were willing to drop the Idaho state law claim from our complaint but--at the same time--asking if this was the only ground on which ATYG was planning to seek dismissal. This email was clearly not an "agreement to amend," as you characterize it, but a proposal to amend in a specific manner (i.e, dropping the Idaho state law claim), *if* in fact such an amendment would satisfy your client's concerns at the 12(b)(6) stage. You responded that your client had in fact additional objctions to raise to our complaint but you did not tell me what they were, nor did I receive any listing of those objections until your firm's email late on May 28.

Reviewing the May 28 email, it seemed to the Plaintiff's side that almost no conceivable amendment of our complaint, short of outright dismissal, would meet the the numerous broad (and to us, vague) listed objections. To take one example, you assert that text messages are not, categorically, TCPA violations, but we do not agree with that position as a matter of law (your email cites no 9th Circuit case law). On this position alone, then, we could not amend to your client's satisfaction and ATYG would presumably move to dismiss regardless. Many of your client's remaining objections assert, generally, that we have not "plausibly alleged" various elements of TCPA offenses, but it is extremely difficult for us to determine what additional details would satisfy ATYG, and it seems (again) that ATYG would ultimately move to dismiss in any event.

Therefore, as things stand now, even if the Plaintiff were to amend, ATYG would almost certainly seek dismissal nonetheless. (You have certainly made it clear that our dropping the Idaho state law claim would not stop a motion to dismiss on your client's part). At that point the Plaintiff would have to decide whether to amend for a second time. It seems a better use of all parties' (and the Court's) resources for the Defendant to proceed at this time with its responsive pleading or motion, and for the Plaintiff to determine what is appropriate in the face of that response.

The foregoing being said, as a courtesy to counsel, we are (as stated above) willing to grant an additional 7-day extension--or until June 10--for ATYG to file its response.

Sincerely,

Isaac Eddington
[Quoted text hidden]

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

## Vandersloot v. ATYG

**Krasovec, Alexandra** <AKrasovec@manatt.com> Mon, Jun 1, 2026 at 7:25 PM
To: Isaac Eddington <ieddington@rbm.us>
Cc: "Newcomb, Madelaine" <mnewcomb@manatt.com>, Scott McKay <smckay@nbmlaw.com>, Nathan Pittman <npittman@nbmlaw.com>

Hi Isaac,

Thank you for your email. We appreciate Plaintiff's willingness to extend ATYG's deadline through June 10. We will prepare an extension request accordingly.

Responding to your other points, we do not agree with your characterization of the meet-and-confer process or the obligations it imposes.

Judge Nye's standing order specifically requires that counsel confer in advance of filing motions to dismiss under *Iqbal* and *Twombly* to identify perceived pleading deficiencies and attempt to reach agreement on amendment. The purpose of the process is not to ensure that the parties agree on every potential basis for dismissal, but rather to provide an opportunity to address obvious deficiencies and, where possible, narrow the issues before motion practice proceeds.

Here, we have identified multiple deficiencies that, if Plaintiff agrees exist, could and should be addressed through amendment *before* the parties incur the expense of briefing a motion to dismiss. To be clear, we are not suggesting that Plaintiff must agree with every issue we have raised. But where Plaintiff acknowledges deficiencies—or where amendment may streamline the issues —those amendments should be made now, consistent with the Court's expectations. The state law claim seems to fit squarely within this bucket. There is no reason for the parties to brief dismissal of this claim if Plaintiff does not intend to pursue it.

While you suggest we have not identified what additional facts should be alleged, that is not Defendant's burden. Plaintiff must plausibly allege that each and every call for which he intends to seek damages was caused by ATYG and satisfies the elements of his claims. At present, there are no details in the Complaint from which to infer how Plaintiff has connected any of these calls to ATYG, much less what was said during these calls. Moreover, as discussed, the alleged TCPA violations are pled as a single claim, but appear to assert two separate causes of action. Such shotgun pleading is not permitted.

If Plaintiff feels that amendments to address these issues are unnecessary, please let us know and ATYG will proceed with its motion.

Thank you,

[Quoted text hidden]

RIVERBEND MANAGEMENT

**Isaac Eddington <ieddington@rbm.us>**

# Vandersloot v. ATYG--Example of Potential Amendment

4 messages

**Isaac Eddington** <ieddington@rbm.us> Thu, Jun 4, 2026 at 1:23 PM
To: "Krasovec, Alexandra" <AKrasovec@manatt.com>, "Newcomb, Madelaine" <mnewcomb@manatt.com>

Alexandra,

Given our last email exchange on the subject, it appears your client should move forward with its motion to dismiss (if that's how it's planning to respond). As I pointed out (and as you seem to agree), the Plaintiff could not amend in a way that would preclude a motion to dismiss, given (to begin with) our fundamental difference as to whether texts constitute TCPA violations.

Otherwise, I understand ATYG to object that our complaint does not "plausibly allege" TCPA violations in sufficient detail, but you have not filled in for me what level of detail would be adequate (you contend that this is not the Defendant's burden).

As a final suggestion on my part, I have attached an Amended Complaint that we have filed in another TCPA case currently in Idaho federal court (full disclosure: the Defendant has moved to dismiss, the motion has been fully briefed and is awaiting decision). As a general (and obviously nonbinding) matter, I would expect an amended complaint (should we file one) in this case to look something like the Amended Complaint which I've attached. Would the level of detail contained in that Amended Complaint satisfy your client's objections as to "plausible" allegations?

Sincerely,

--
*Isaac Eddington*
*Counsel*
*RIverbend Management*
(216) 536-7483

**As-Filed Amended Complaint.pdf**
250K

**Newcomb, Madelaine** <mnewcomb@manatt.com> Thu, Jun 4, 2026 at 8:07 PM
To: Isaac Eddington <ieddington@rbm.us>, "Krasovec, Alexandra" <AKrasovec@manatt.com>

Hi Isaac,

No, the example amended complaint you provided does not address the issues we raised. We will proceed with our motion.

Best regards,

**Madelaine A Newcomb**

Associate

Manatt, Phelps & Phillips, LLP